IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Adan Miranda, and Jose Luis Cano, on behalf of himself and all other plaintiffs similarly situated, <br>         Plaintiffs, <br><br> v. <br><br> Aurora Metal Recycling, LLC, <br> David Giordana Sr., <br> and David Giordana Jr. <br><br>         Defendants. | Case No.: 1:17-cv-1088 |

## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiffs Adan Miranda ("Adan") and Jose Luise Cano ("Jose") on behalf of themselves and all other plaintiffs similarly situated, by and through their attorneys, and for their Collective Action Complaint against Defendants Aurora Metal Recycling, LLC ("AMR") , David Giordana Sr. ("Giordana Sr.") and David Giordana Jr. ("Giordana Jr.") states as follows:

### Nature of the Action

1.  This civil action is brought by the above-named plaintiff brings this collective action claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") pursuant to 29 U.S.C. § 216(b). The Plaintiff also brings individual claims under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq*.

### Parties

2.  Plaintiffs Adan and Jose worked as forklift drivers, machine operators, and performed various other duties in the scrapyard for Defendants.

3. Defendant AMR is an Illinois corporation owning and operating a facility located at 601-619 Spruce St. Aurora, Illinois 60506.

4. Defendants Giordana Sr. and Giordana Jr. are owners of AMR and oversaw the illegal pay practice alleged herein.

## Jurisdiction and Venue

5. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

6. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

## Factual Allegations

7. Adan worked for AMR beginning in October 15, 2015 and until he was recently terminated.

8. Jose worked for AMR for approximately seven months during the second half of 2016 and early 2017.

9. Defendants have a practice of paying employees $500 per week in cash for all hours worked during the week, including all hours worked over 40 in a work week.

10. Adan and Jose worked between 9 and 10 hours Monday through Friday and worked an additional 5 hours on Saturday.

11. Plaintiffs performed their job responsibilities for Defendants in the State of Illinois.

12. Adan and Jose both typically worked between 50 and 55 hours per week.

13. The named Plaintiffs wwere not exempt from the overtime provisions of the FLSA.

14. Defendants managed Plaintiff's work, including the amount of overtime required to be worked, and also dictated, controlled, and ratified the compensation and all related employment policies of Defendant AMR.

15. Other similarly situated employees have been employed by the Defendants and have not been paid the required overtime wages.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiffs seek to maintain this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and all other non-exempt employees who worked overtime and was not fully compensated. ("FLSA Class")

17. Plaintiffs and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week.

18. At all times material to this Complaint, Defendants failed to comply with the FLSA in that Plaintiffs and those similarly situated to Plaintiffs performed services for Defendants for which no provision was made by Defendants to pay Plaintiffs and similarly situated persons the correct overtime rate of pay.

19. Plaintiffs and asserted members of the collective are similarly situated because, inter alia, they were all were not paid the required overtime rate but were entitled under the FLSA to the paid overtime rate of one and one-half times their normal rate of pay for all work in excess of 40 hours per week; and had such rights undermined and neglected by Defendants' unlawful practices and policies

20. Defendants have encouraged, permitted, and required the Class to work without required overtime compensation of one and one-half times the normal wages.

21. Defendants have known that Plaintiffs and other members of the FLSA Class have been deprived of required overtime compensation. Nonetheless, Defendants have denied the Plaintiffs and the Class required compensation of one and one-half time normal wages for work in excess of 40 hours of the FLSA Class.

22. Defendants conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and other members of the FLSA class.

23. There are other current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid compensation, a collective action is superior procedure for adjudicating such claims. Plaintiffs request that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

24. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted collective, the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

25. Plaintiffs will fairly and adequately protect the interests of each proposed class member and have retained counsel that is experienced in class/collective actions and employment litigation. Plaintiffs have no interest that is contrary to, or in conflict with, members of the collective

**COUNT I - FAIR LABOR STANDARDS ACT**
**(Plaintiff Individually and on Behalf of All**
**Similarly Situated Employees Pursuant to 29 U.S.C. §216)**

26. Plaintiffs hereby allege and incorporate by reference paragraphs 1 through 25 of this Complaint, as is fully set forth herein.

27. Under the FLSA, Plaintiffs and the Class (hereinafter referred to as "The FLSA Class") were entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each workweek.

28. The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all non-discretionary compensation paid to employees.

29. Defendants also failed to compensate The FLSA Class at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA.

30. Upon information and belief, Defendants' practices were not based upon Defendants' review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

**31.** Due to Defendants violations of the FLSA, the FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

WHEREFORE, the Plaintiffs request the following relief, individually and on behalf of similarly situated employees:

    A. Unpaid Compensation and Overtime;

    B. An additional amount equal as liquidated damages;

    C. Prejudgment interest;

    D. Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

    E. Such other and further relief as this Court deems appropriate and just.

## COUNT II - ILLINOIS MINIMUM WAGE LAW
### (Plaintiffs Individually)

32. Plaintiffs hereby allege and incorporate by reference paragraph 1 through 31 of this Complaint, as is fully set forth herein.

33. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

34. Under the IMWL, Defendants were and remain obligated to compensate Plaintiffs for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

35. Plaintiffs were regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times normal rate for such overtime work.

36. By failing to pay overtime compensation due to Plaintiffs, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times normal rate to be paid.

37. As a result of Defendant's policy and practice of withholding overtime compensation, Plaintiffs and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

38. Defendants have made it difficult to account with precision for the unpaid overtime worked by Plaintiffs during the liability period because they paid Plaintiffs $500 per week for all hours worked.

WHEREFORE, Plaintiffs request the following relief:

A. A declaratory judgement that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiffs;

B. A declaratory judgement that Defendants' violations of the IMWL were willful;

C. A judgment to Plaintiffs in the amount of unpaid wages;

D. A judgment to Plaintiffs of punitive damages, including statutory interest of 2% per month, as provided by IMWL;

E. A judgement to Plaintiffs of reasonable attorneys' fees and costs incurred in filing this action; and

F. Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including the FLSA claims.

Dated February 9, 2017                      Respectfully Submitted,

By: /s/ David Fish
One of the Attorneys for the Plaintiffs

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM
200 E 5th Ave Suite 123
Naperville, IL 60563